# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2018

Lyle W. Cayce
Clerk

No. 17-60120
Summary Calendar

EFRAIN PARRA-HERNANDEZ, also known as Efrain Parra Hernandez,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 238 332

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Efrain Parra-Hernandez, a native and citizen of Mexico, unsuccessfully sought asylum and withholding of removal before an immigration judge (IJ). He now petitions for review of the decision of the Board of Immigration Appeals (BIA) which upheld the IJ's determination that he was not entitled to relief. We review only the BIA's decision but will consider the IJ's reasoning where it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Contending that criminal cartels murdered three of his uncles in the 1990s and threatened his father several years ago, Parra-Hernandez fears that, if he is returned to Mexico, he will be targeted by the cartels because of the family to which he belongs.  However, the evidence he presented before the IJ does not compel a conclusion that his family membership would be a central reason that he would be targeted for harm.  *See Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017); *Shaikh*, 588 F.3d at 864.  According to Parra-Herandez's testimony, the murders of his uncles occurred more than two decades ago when he was a young child.  After the murders, he lived in Mexico, unharmed, for a decade, and his family members who have remained in Mexico have not been hurt by those cartel members since then.  *See Ramirez-Mejia v. Lynch,* 794 F.3d 485, 493 (5th Cir. 2015) (rejecting alien's argument that she would be persecuted on account of her family membership in part because members of her family who remained in her home country had not been persecuted).

As for the more recent threats against his father, the evidence does not compel a finding that they are related in any way to the murders of his uncles, as Parra-Hernandez suggests.  *See Iruegas-Valdez*, 846 F.3d at 810.  Moreover, his father was threatened, not because of any familial ties, but because of the location of his home, which is on a main road thereby allowing him access to information about the comings and goings of groups the cartel wanted to monitor.  *See Ramirez-Mejia,* 794 F.3d at 493 ("Logically, there is no reason to suppose that those who persecute to obtain information also do so out of hatred for a family, or vice versa.").  To the extent that the cartel would seek to harm Parra-Hernandez, they would do so in retaliation for his father's decision to rebuff its demands and not because of any particular hatred of Parra-Hernandez's family, and aliens who are targeted for personal reasons including

No. 17-60120

revenge are not entitled to asylum or withholding of removal. *See Thuri v. Ashcroft,* 380 F.3d 788, 792 (5th Cir. 2004). Finally, as the BIA observed, many members of Parra-Hernandez's family, including his father, have lived unharmed in Mexico since the threats occurred, further undercutting this claim for relief. *See Ramirez-Mejia,* 794 F.3d at 493.

Substantial evidence supports the BIA's determination that Parra-Hernandez failed to establish that if returned to Mexico he would be harmed on account of his family membership and thus that he was not entitled to asylum or withholding of removal. *See Sharma v. Holder,* 729 F.3d 407, 411 (5th Cir. 2013); *Dayo v. Holder,* 687 F.3d 653, 658 n.3 (5th Cir. 2012). Accordingly, his petition for review is DENIED.